# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Tamara L. Giwa
*Executive Director*

Jennifer L. Brown
*Attorney-in-Charge*

Hon. Robyn F. Tarnofsky
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> If Mr. Singh's mother becomes an additional signatory on his bond, for purposes of moral suasion, then his application for a change of conditions or release is GRANTED, in that he shall be permitted to relocate to the W.D.N.Y. He must maintain his residence in that District, and he shall not change residences within that District without prior approval of pretrial services
>
> Date: 1/8/2025
> New York, NY
>
> SO ORDERED
>
> ROBYN F. TARNOFSKY
> UNITED STATES MAGISTRATE JUDGE

Re: **United States v. Valkar Singh**
     **24-MJ-4316 (UA)**

Dear Judge Tarnofsky:

    I write to request that the Court modify Mr. Singh's bond conditions to permit him to travel to the Western District of New York, and to reside at a new address with his immediate family which Pretrial Services has approved. The government asked that I note its objection. Pretrial Services has no objection to the modification.

    On December 13, 2024, Mr. Singh was presented before Your Honor on one count of conspiracy to distribute narcotics, 21 U.S.C. § 846. He was accused of being a courier in a single drug transaction. Pretrial Services recommended Mr. Singh's release, and the government consented to Mr. Singh's release on conditions. The negotiated bail package, which the Court approved, included the following conditions:

> $50,000 personal recognizance bond; To be co-signed by two FRP's; **Travel restricted to SDNY/EDNY/DNJ**; Surrender travel documents and no new applications; Pretrial Supervision: As directed by PTS; **Home detention: At the home of defendant's cousin, 13 Soltes Ave, Carteret, NJ 07008**; Location monitoring technology as directed by PTS; **Defendant is not to change his residence w/o prior approval of PTS**; Def. to be released on own signature, plus the following conditions: Installation of monitoring equipment; Remaining conditions to be met by: 3 weeks.

Since his release, Mr. Singh has been fully compliant with his bond conditions, surrendered his passport, and had no violations of his location monitoring.

    Mr. Singh, a Canadian citizen, is currently living with a cousin in New Jersey. At the time of presentment, Mr. Singh's immediate family lived in Canada and his cousin's home was the most viable residence for him in the United States. Mr. Singh will not be able to continue to reside with his cousin long-term though due to space issues in the home. Since his arrest, Mr. Singh's mother and adult son have rented a home at 270 Paradise Road, East Amherst, New York. Mr. Singh now seeks to reside with them throughout the pendency of this case. As his immediate family, Mr.

Singh's mother and adult son and will be able to provide Mr. Singh, a 49-year-old man with no criminal record, moral support as he faces his first criminal charges ever.  The request he now seeks is therefore principally technical in nature: allowing him to change the address at which he lives so that he may reside with his immediate family.

   I reached out to the government about this request.  Although the government had consented to Mr. Singh's release at presentment, it asked that I note its objection to the relocation request, characterizing Mr. Singh's family's home as a "short term rental a quick drive to the Canadian border."  Of note, Mr. Singh has surrendered his passport, and federal agents currently have possession of his Canadian driver's license, so he has no way to cross the border into Canada.  His family has gone so far as to rent a home in the United States at which it can live with him during the pendency of this case, showing the depth of support he has.

   I have provided Mr. Singh's family's address to Pretrial Services, which informed me it has no objection to the relocation and modification of the travel conditions.  Indeed, at the presentment, Pretrial Services recommended that Mr. Singh be permitted to return to Canada and be supervised by the WDNY, and confirmed with Pretrial Services in the WDNY that it would be able to supervise him.  Mr. Singh's family's address is in the United States and will not present logistical difficulties with his attendance at court appearances.  And again, he has no way to cross the border into Canada, a country that in any event has a robust extradition treaty and which Pretrial Services previously recommended he be permitted to return to pending trial.

   Accordingly, Mr. Singh requests that the Court modify the bond conditions to permit him to travel to the Western District of New York, and reside at his immediate family's home.

Sincerely,

Michael Arthus
Assistant Federal Defender
212-417-8760

cc. (by email): AUSAs Justin Horton and William Kinder